1  YAR R. CHAIKOVSKY (SB# 175421)
   yarchaikovsky@paulhastings.com
2  ANDY LEGOLVAN (SB# 292520)
   andylegolvan@paulhastings.com
3  PAUL HASTINGS LLP
   1117 S. California Avenue
4  Palo Alto, California 94304-1106
   Telephone: 1(650) 320-1800
5  Facsimile: 1(650) 320-1900

6  Attorneys for Plaintiff
   CANON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANON, INC., | Misc. Case Nos. 3:20-mc-80080-JSC |
| Plaintiff, | PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS |
| vs. | |
| TCL HOLDINGS, LTD., et al., | E.D. Texas Civil Action No. 2:18-cv-0546 |
| Defendants. | **CANON, INC.'S MOTION TO TRANSFER ROKU INC.'S SUBPOENA-RELATED MOTIONS TO THE ISSUING COURT** |
| | Hearing Date: June 9, 2020<br>Hearing Time: 9:00 a.m. |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE, that on June 9, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, Plaintiff Canon, Inc. ("Canon") will and hereby does move for an order under Fed. R. Civ. P. 45(f) transferring Roku Inc.'s subpoena-related motions to the court where the underlying action is pending and where the subpoena was issued: *Canon, Inc. v. TCL Electronics Holdings Ltd., et al.*, No. 2:18-cv-546 (E.D. Tex.). Transfer to the issuing court is proper because:

(1) The issue of remote review of source code (raised by one of Roku's motions) is already fully briefed in the issuing court, and therefore, absent a transfer, there is a significant risk of inconsistent rulings among district courts;

(2) The issue of whether and to what extent the ████████████████████ ████████████████ is relevant to Canon's damages is more appropriately resolved by the issuing court because the (a) issuing court has already addressed the relevance of ████████ ████████████████████████████████████ in other contexts and (b) the relevance question presents a substantial merits question warranting resolution by the issuing court;

(3) Both of Roku's motions have the potential to impact the issuing court's case schedule (in particular, the May 25, 2020 expert report deadline), and therefore, the issuing court should resolve these discovery disputes in the broader context of managing its case deadlines; and

(4) Roku will suffer no burden in having the motions transferred to the issuing court, as Roku is already significantly involved in this action: ████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████ (c) Roku has filed IPR petitions on the asserted patents. ████████████████████████████████████████████████ ████████████████████████████████████████████.

Canon's Motion is based upon this Notice of Motion, Memorandum of Points and Authorities, and on other such evidence as may be presented in connection with this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On May 1, 2020, Roku Inc. filed two separate motions in this Court to quash Canon, Inc.'s subpoena, resulting in two separate miscellaneous actions. The first motion concerns Canon's inspection of Roku's source code for its patent infringement case in the underlying action. The second motion, Case No. 3:20-mc-80080-JSC, Dkt. No. 4, concerns production of document relating to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[1] Canon moves to transfer Roku's subpoena-related motions to the issuing court under Fed. R. Civ. P. 45(f) because (1) exceptional circumstances warrant having the issuing court resolve Roku's motions and (2) Roku will suffer no burden from transfer.

Transfer is warranted here for two primary reasons. First, Roku is not a mere disinterested third party to the underlying litigation. Rather, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ And Roku is also pursuing *inter partes* review (IPR) petitions of the asserted patents in the underlying actions. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Second, the issuing court has already addressed—or is in the process of addressing—similar discovery issues presented in Roku's motions. Roku's motions could therefore result in inconsistent rulings between this Court and the issuing court and will result in delays to the issuing court's case schedule (including the May 25, 2020 expert report deadline). Therefore, to prevent the potential for inconsistent rulings between the compliance court and the issuing court, and to ensure these discovery disputes can be resolved in the context of the case deadlines they will impact, transfer under Rule 45(f) is appropriate.[2]

---

[1] As of the date of this filing, Roku's first motion—remote source code review—had not been assigned a case number. Once assigned, Canon will be filing this same motion to transfer in that action as well, as this motion transfer relates to both of Roku's subpoena-related motions.

[2] Regardless of transfer, Canon intends to file an opposition to both of Roku's motions and a cross-motion to enforce the subpoena as to the discovery requests at issue.

1  **II.    BACKGROUND**

[redacted]

Canon sued TCL and other TCL-related entities for patent infringement in the Eastern District of Texas, alleging that the TCL Roku TVs infringe five of Canon's patents. *See Canon, Inc. v. TCL Electronics Holdings Ltd.*, No. 2:18-cv-546 (E.D. Tex.) ("**TCL Action**"). Canon also sued Roku on the same grounds in the Western District of Texas, [redacted]. *See Canon, Inc. v. Roku, Inc.*, No. 19-cv-245 (W.D. Tex.) ("**Roku Action**").

As the cases progressed, Canon and Roku came to a mutual agreement to dismiss the *Roku Action* while the *TCL Action* proceeded. *See Roku Action*, Dkt. Nos. 9 (unopposed motion to dismiss based on "mutual agreements with Defendant Roku"), 10 (order granting dismissal without prejudice). Thereafter, Roku filed IPR petitions for all of the patents asserted in both the *TCL Action* and the *Roku Action*. *TCL Action*, Dkt. No. 90. As the *TCL Action* progressed, Canon discovered that [redacted] Thus, while Roku is technically a third party in the *TCL Action*, it is not your typical disinterested third [redacted] As the *TCL Action* proceeded, Canon pursued discovery of both TCL and Roku, including the Roku subpoena that is at issue here. The Roku subpoena covered many topics relevant to Canon's case, including the Roku's OS source code and [redacted]

Roku's motions relate to (1) whether Canon's source code experts may perform *remote* review of the Roku OS source code in light of the travel restrictions and health concerns caused by the COVID-19 pandemic (a nearly identical motion is currently pending in the issuing court, *see* Ex. A [briefing on Canon's Motion to Modify the Protective Order to Permit Remote Review of Source Code]); and (2) ███████████████████████████████████████████████████████
███████████████████████████████████████.

These two issues are significant to Canon's infringement and damages case. First, the Roku OS is the infringing operating system on the TCL Roku TVs. Canon's asserted claims contain many limitations that are performed in part by the Roku OS (██████████████████
████████████████████████████████████████). Roku OS is therefore critical to Canon's infringement case. Second, the nature and extent to which ████████████████████████
███████████████████████████████████████████████████████████████████████████
████████████ Both of these issues will be in Canon's anticipated expert reports on infringement and damages, which must be served no later than **May 25, 2020** under the current case schedule. *TCL Action*, Dkt. No. 139.

### III. ARGUMENT

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this [Rule 45] to the issuing court . . . if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). To assess transfer, courts—guided by the Advisory Committee notes—balance (1) the case-specific circumstances weighing in favor of having the issuing court resolve the issue, and (2) the nonparty's burden in having the issue resolved by the issuing court. *See Costco Wholesale Corp. v. Crane*, No. 16-mc-80189-JSC, 2016 U.S. Dist. LEXIS 132778, at *4-5 (N.D. Cal. Sep. 27, 2016) (balancing "exceptional circumstances warranting the transfer" against "burden on [the third party] if the motion is transferred") (citing Fed. R. Civ. P. 45 advisory committee's note); *see also Moon Mt. Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 431 (N.D. Cal. 2014) (same).

Considering the relevant factors under Rule 45(f), the balance tips sharply in favor of transferring Roku's motions to the issuing court.

*First*, district courts find exceptional circumstances warranting transfer where the issuing court has already held proceedings regarding the same or similar discovery issues, and particularly if there is currently a pending motion on the same or similar issue in the issuing court. *See Costco Wholesale Crop*, 2016 U.S. Dist. LEXIS 132778, at *5–6 (N.D. Cal., Sept. 27, 2016) ("The Court finds that exceptional circumstances exist because the issues raised by Costco's motion to compel either have been ruled on by or are currently pending before [the issuing court].") (collecting cases); *Moon Mountain Farms*, 301 F.R.D. at 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court.") (collecting cases); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708, 2014 U.S. Dist. LEXIS 114348, at *17–18 (D. Nev. Aug. 15, 2014) ("Similar issues have already been briefed in the [issuing court] by way of a pending motion to compel brought there by Zynga related to Bally documents. . . . In light of the history of the litigation in the [issuing court], it possesses superior familiarity with the underlying issues and the Court concludes that it is in the interest of judicial economy to transfer the motion."). The purpose of transfer under these circumstances is to "avoid inconsistency in positions and ruling," *Cellular Communs. Equip., LLC v. HTC Corp.*, No. 15CV2373-JAH-MDD, 2015 U.S. Dist. LEXIS 181716, 2015 WL 12570944, at *2 (S.D. Cal. Dec. 16, 2015), and to prevent "duplicate review" of issues and reduce the risk of "disrupting [the issuing court's] management of the underlying litigation," *Moon Mountain Farms*, 301 F.R.D. at 429 (N.D. Cal. 2014).

Regarding the remote source code review issue, the issuing court has already issued a standing order relating to source code review in light of the COVID-19 pandemic. *See* Standing Order re Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present COVID-19 Pandemic (April 20, 2020), ¶¶ 18–20, *available at* http://www.txed.uscourts.gov/sites/default/files/judgeFiles/COVID19%20Standing%20Order.pdf

Case No. 3:20-mc-80080-JSC - 5 - CANON'S MOTION TO TRANSFER ROKU'S SUBPOENA-RELATED MOTIONS TO THE ISSUING COURT

1  The Standing Order makes express findings of the "unduly hazardous" nature of "in-person
2  source code review" and implores the parties to find solutions that enable review "without the
3  need for travel or in-person code review." *Id*. at ¶¶ 18–20. Further, on April 23, 2020, Canon filed
4  in the issuing court a motion to modify the protective order to permit remote review of source
5  code. *See* Ex. A (Canon's Motion and TCL's Opposition). The issuing court has ordered an
6  expedited briefing schedule on the issue, and the motion is fully briefed. *See TCL Action*, Dkt.
7  No. 147. [redacted]
8  [redacted]
9  [redacted].

      If this issue were not transferred, a ruling by the issuing court *permitting* remote review
and a ruling by this Court *preventing* remote review would create the potential for inconsistent
rulings among district courts—the exact scenario that a Rule 45(f) transfer is intended to prevent.
Therefore, the interests of judicial economy and avoiding inconsistent rulings among district
courts weigh heavily in favor of transferring to the issuing court. *See Costco Wholesale Corp.*,
2016 U.S. Dist. LEXIS 132778, at *6 ("Under such circumstances, judicial economy, i.e., having
[the issuing court] address common issues once, and the risk of inconsistent rulings weigh heavily
in favor of transfer of Costco's motion.").

      Additionally, production of documents regarding [redacted] [redacted] presents similar issues warranting transfer. The issuing court has already heard extensive briefing and held proceedings relating to [redacted] [redacted] Indeed, only a few months ago, TCL and Roku refused to provide discovery regarding [redacted] Canon had served targeted discovery on these issues, [redacted] [redacted] Only after the Court admonished TCL and Roku's counsel during the *Markman* hearing for withholding discovery relevant to substantive issues did TCL and Roku finally provide discovery demonstrating [redacted]

1  ████████████████████████████████████████████████
2  ███████████.³

3     Indeed, in response to these revelations, the issuing court subsequently ordered
4 supplemental claim construction briefing on the ██████████████████████████ and the
5 impact it has on claim construction. *TCL Action*, Dkt. No. 119 (Order granting Supplemental
6 Claim Construction Brief ██████████████████); Ex. C (supplemental briefing by
7 Canon and TCL). As a result, to ensure consistent rulings on these issues, further rulings
8 regarding the relevance of ██████████████████████████████████
9 ██ should be resolved by the issuing court. *See Hybrid Ath., LLC v. Hylete LLC*, No. 18-mc-
10 80166, 2018 U.S. Dist. LEXIS 174498, at *3 (N.D. Cal. Oct. 4, 2018) ("[E]xceptional
11 circumstances exist because [the issuing court] recently held a discovery hearing on disputes
12 concerning similar discovery[.]"); *Costco Wholesale Corp.*, 2016 U.S. Dist. LEXIS 132778, at
13 *7–8 ("Thus, even if Crane is correct that 'the issues here are simple' for the Court to decide [], it
14 is possible that there would be inconsistent rulings if both [this] Court and [the issuing court]
15 ruled separately[.]"); *Nexus Display Techs. LLC v. Dell Inc.*, No. 15-mc-80241-KAW, 2015 U.S.
16 Dist. LEXIS 150624, at *4-5 (N.D. Cal. Nov. 5, 2015) ("[N]ot only is the issuing court in a
17 superior position to resolve the subpoena-related motion, the issuing court has already ruled on
18 issues presented in the moving papers, and any order by the undersigned risks contradicting the
19 issuing court's prior orders[.]").Therefore, transfer of this issue to the issuing court is warranted.⁴

---

³ Ex. B, *Markman* Tr. at 15:4–15 ████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

⁴ Additionally, the question of relevance as to the ██████████████████
██████████████ is a substantial merits question that is more appropriately resolved by the issuing court—which has extensive familiarity with the asserted patents, the accused products and features, and ██████████████████████████████████████. *See Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708, 2014 U.S. Dist. LEXIS 114348, at *17 n.8 (D.

***Second***, district courts find exceptional circumstances warranting transfer where, given the impending case deadlines and the need for prompt resolution, it is more appropriate to allow the issuing court to resolve the discovery dispute in the context of its case schedule management. *In re Subpoena to Kia Motors Am., Inc.*, No. 14-cv-315, 2014 U.S. Dist. LEXIS 72827, at *2 (C.D. Cal. Mar. 6, 2014) ("Given [the impending discovery cut-off], the resolution of the Application is best decided by the court with control over the discovery cut-off deadline."); *Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-cv-01277, 2015 U.S. Dist. LEXIS 108818, at *16 (D. Nev. Aug. 18, 2015) ("The Court can think of few intrusions more disruptive to the issuing court's ability to manage the underlying litigation than an order from this Court that may well impact the ability of the case to move forward[.]"); *Collins v. Benton*, No. 2:19-cv-01970, 2019 U.S. Dist. LEXIS 196792, at *4 (D. Nev. Nov. 12, 2019) ("[W]ith the discovery cutoff and trial date quickly approaching, the Issuing Court is better served to manage its docket by transferring the Motion in order to avoid aversely impacting the underlying action's progression on the timetable set by those judges.").

Here, resolution of the logistics of source code review and production of documents ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ should be resolved in the context of the May 25, 2020 deadline to serve expert reports. *See TCL Action*, Dkt. No. 139. Under the current schedule, on May 25, 2020, Canon will be serving an expert report on infringement (which requires analysis of the Roku OS source code) and an expert report on damages (which requires analysis of the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). To the extent these issues are not resolved in time to include in the infringement and damages expert reports, a case schedule amendment may be necessary. Therefore, immediate transfer to the

---

Nev. Aug. 15, 2014) (citing *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211–12 (Fed. Cir. 1987) ("[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder")); *Cont'l Auto. Sys., U.S. v. Omron Auto. Elecs., Inc.*, No. 14 C 3731, 2014 U.S. Dist. LEXIS 84080, at *6–7 (N.D. Ill. June 20, 2014) (district courts should be hesitant to "[d]elve into the merits" of a relevance determination that "lies at the heart" of the underlying litigation).

issuing court would allow these issues to be resolved alongside any potential impact the dispute and resolution may have on relevant case schedule deadlines.

*Finally*, Roku will not suffer any burden by reason of a transfer to the issuing court. First, Roku is a $13.5 billion global technology company, with offices across the country (Silicon Valley, Austin, New York, and Los Angeles) and in Shanghai, China and Cambridge, England[5]— as opposed to an individual or small business who may suffer significant burden by national travel. *See Kia Motors*, 2014 U.S. Dist. LEXIS 72827, at *2 ("transfer[] would not significantly burden Kia, as Kia is a national automotive company, not an individual California resident"); *see also Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 35 (D.D.C. 2014) ("Given the Petitioner's national reach and familiarity with litigation in courts outside this jurisdiction, the general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced."); *compare E4 Strategic Sols. v. Pebble*, No. 15-mc-00022, 2015 U.S. Dist. LEXIS 191686, at *15 (C.D. Cal. Oct. 23, 2015) ("the Court is mindful that Nastri is an individual and E4 is a small company rather than a national corporation").

Second, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See Kia Motors*, 2014 U.S. Dist. LEXIS 72827, at *2 (granting transfer, in part, because "Kia's counsel is representing the defendant in the North Carolina action"). Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and pursing IPR proceedings on the asserted patents (in Virginia), Roku faces no new burden by appearing in the issuing court. Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As explained, given Roku's relationship to the case and TCL, Roku has participated in nearly every aspect of the case proceedings thus far through its common counsel with TCL. And, as Roku is well aware, the issuing court is now holding all hearings via remote means, which resolves any potential travel burden in having to make appearances in the issuing court. *See* April 20, 2020 COVID-19 Standing Order, at ¶¶ 8–15; *see also Costco Wholesale Corp.*, 2016 U.S. Dist. LEXIS 132778, at

---

[5] https://www.roku.com/about/company ("We have R&D offices in Silicon Valley, Austin, and Cambridge, England. We have media and advertising teams, and operations in New York, Los Angeles and Shanghai.").

*9 (availability of telephonic hearing lessens burden) (citing Moon *Mt. Farms*, 301 F.R.D. at 430 (noting that "the Advisory Committee encourages judges to 'permit telecommunications' to minimize travel costs after a Rule 45(f) transfer")).

Therefore, Roku cannot demonstrate any burden by reason of transfer.

## IV. CONCLUSION

In sum, Roku's motions present exceptional circumstances warranting transfer to the issuing court, and Roku will suffer no burden by reason of transfer. Therefore, the balance under Rule 45(f) weighs in favor of transferring Roku's motions to the issuing court.

DATED: May 5, 2020

YAR R. CHAIKOVSKY
ANDY LEGOLVAN

PAUL HASTINGS LLP


By: /s/ *Yar R. Chaikovsky*
     YAR R. CHAIKOVSKY

Attorneys for Plaintiff
CANON, INC.