UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANON, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>TCL ELECTRONICS HOLDINGS, LTD.,<br><br>  Defendant. | Case No. 20-mc-80079-JCS<br>Related Case No. 20-mc-80080-JCS<br><br>**ORDER GRANTING MOTIONS TO TRANSFER** |

  In these related cases, Roku, Inc. ("Roku") asks the Court to modify or quash Canon, Inc.'s subpoenas seeking original source code and certain documents from Roku in connection with a patent infringement case that is currently pending in the Eastern District of Texas, Case No. 18-cv-00546-JRG ("the Texas action"). Canon, in turn, has asked the Court to transfer these actions to the Eastern District of Texas ("the Texas Court"), where Canon's subpoenas were issued. *See* Case No. 20-mc-80079, docket no. 8; Case No. 20-mc-80080, docket no. 6. Pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Having considered the parties' briefs and supporting materials, the Court finds that there are exceptional circumstances here and therefore GRANTS the motions to transfer.

  The Advisory Committee notes to Rule 45 of the Federal Rules of Civil Procedure provide the following guidance as to when exceptional circumstances may be found:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a

superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 Advisory Committee's note.

The considerations set forth by the Advisory Committee favor transfer. First, the Court finds that Roku's motion to quash in 20-mc-80079 overlaps considerably with the motion to modify the protective order that is currently pending in the Texas action, raising the possibility of inconsistent outcomes. Likewise, the motion to quash in 20-mc-80080 implicates questions going to the merits that have been the subject of significant attention in the Texas Court, which will be asked to rule on closely related issues going forward. In addition, in light of the current May 25, 2020 deadline for exchanging expert reports it is likely that the resolution of Roku's motions may disrupt the schedule of the Texas Court; it is more appropriate, therefore, for that court to determine how the parties' disputes should be handled from the perspective of case management. Finally, based on the Court's review of the evidence provided by Canon regarding Roku's relationship with TCL and its involvement in the Texas action, the Court finds that transfer of these actions to the Eastern District of Texas will not impose a significant burden on Roku.

Accordingly, the Clerk is instructed to transfer Case No. 20-mc-80079-JCS and Related Case No. 20-mc-80080-JCS to the Eastern District of Texas.

**IT IS SO ORDERED.**

Dated: May 14, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

2